

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 8 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>GERALD D. HARRIS | Criminal Information<br><br>No. 1:20-CR-108 |

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1

*(Federal Program Bribery – 18 U.S.C. § 666)*

1. From at least November 2018 to November 2019, in the Northern District of Georgia, defendant GERALD D. HARRIS, a Supervisor in DeKalb County's (Georgia) Tax Commissioner's Office, corruptly solicited, demanded, accepted, and agreed to accept a thing of value, that is – United States currency, from individuals known to the United States Attorney, intending to be influenced and rewarded in connection with a transaction and series of transactions of the DeKalb County government involving something of value of at least $5,000.

### Background

At all times relevant to this Information:

2. The DeKalb County Tax Commissioner's Office was an agency of DeKalb County, Georgia responsible for the billing and collection of property taxes, processing of Homestead Exemptions, and collecting delinquent taxes.

3. In addition, the Motor Vehicle Division of the DeKalb County Tax Commissioner's Office handled all aspects of motor vehicle registrations,

including: (a) managing the collection of motor vehicle taxes, (b) issuing vehicle tags and titles, and (c) processing vehicle registration renewals for citizens and businesses located in DeKalb County, Georgia.

4. In Georgia, all vehicles that move upon the public roads must be registered and tagged within 30 days after an individual either moves to Georgia or purchases a vehicle. However, when a Georgia resident buys a vehicle from a private owner, the buyer must register the vehicle with the Motor Vehicle Division within seven business days of the sale and must present the Motor Vehicle Division with a valid Georgia driver's license or identification card. In addition, to promote compliance with Georgia's Clean Air Act, the Motor Vehicle Division requires most metro-Atlanta vehicles that are older than three years to pass an emissions test before it will register or renew the vehicle's registration.

5. From July 2017 to November 2019, defendant GERALD D. HARRIS served as the Supervisor of Tax Tag Clerks for the DeKalb County Tax Commissioner's Office. In that position, HARRIS oversaw the Tax Commissioner North Office's clerks who processed motor vehicle registrations and renewals for customers.

6. As a supervisor, HARRIS generally interacted with customers only if a dispute existed between clerks and customers. Similarly, based on his supervisory role, the Motor Vehicle Division did not issue HARRIS a cash drawer or a credit card terminal, nor was HARRIS responsible for processing transactions or payments with customers.

7. DeKalb County government was a local government that received federal benefits and assistance in excess of $10,000 during calendar years 2018 and 2019.

## Bribery Scheme

8. From at least mid-2018 to November 2019, HARRIS accepted bribe payments from customers to register vehicles or renew vehicle registrations. For example, HARRIS accepted bribe payments:

   a. To register vehicles to individuals who did not have Georgia driver's licenses or identification cards as required, typically in exchange for $200 per vehicle;

   b. To register vehicles that did not have the required accompanying documentation (such as: titles or Forms MV-1 title/tag application), typically in exchange for $500 to $1,000 per vehicle; and

   c. To renew vehicle registrations that had not passed emissions tests by falsely entering that the vehicles had emissions exemptions, typically in exchange for $100 per vehicle.

In total, HARRIS accepted at least $30,000 in bribe payments.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 2

*(Blackmail – 18 U.S.C. § 873)*

9. The United States Attorney re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 8 of this Information as if fully set forth here.

10. From at least May 2019 to November 2019, Individual-1 paid bribe money to HARRIS in exchange for HARRIS illegally registering/renewing vehicles for people who did not have a Georgia driver's license or identification card (as required under Georgia law).

3

11. On November 18, 2019, DeKalb County Tax Commissioner's Office fired HARRIS for accepting bribe payments (as detailed in Count 1). On the same date, HARRIS admitted to the Federal Bureau of Investigation ("FBI") that he had accepted more than $30,000 in bribe payments in exchange for illegally registering/renewing vehicles for several people, including Individual-1.

12. On or about December 12, 2019, HARRIS met with Individual-1 at an Atlanta gas station. During the meeting, Individual-1 (who did not know that HARRIS had been fired) gave HARRIS registration documentation so that HARRIS could register four vehicles. Indvidual-1 gave HARRIS checks and cash to cover the costs of the required fees and taxes for each vehicle. Given that HARRIS no longer worked for the DeKalb County Tax Commissioner's Office, HARRIS could not register the four vehicles for Individual-1. Nevertheless, HARRIS took and kept the money from Individual-1.

13. On or about December 17, 2019, Individual-1 sent a series of text messages to HARRIS requesting that HARRIS return the registration documentation and money.

14. On or about December 17 and 18, 2019, HARRIS sent a series of text messages to Individual-1 in which HARRIS stated that: (a) he was under investigation by the FBI, (b) the FBI has a video of HARRIS and Individual-1 meeting, (c) "[a]ll of us can be in trouble," (d) HARRIS needed to know "how much" money will he be paid not to give information to the FBI, and (e) HARRIS is "not going to prison empty handed. It's that simple."

15. From on or about December 12 to 19, 2019, in the Northern District of Georgia, defendant GERALD D. HARRIS, knowingly demanded and received a

4

thing of value, that is – United States currency, from Individual-1 (and her employers), under a threat of informing, and as consideration for not informing federal law enforcement about a violation of a law of the United States, namely federal program bribery (as alleged in Count 1), in violation of Title 18, United States Code, Section 666(a)(2).

All in violation of Title 18, United States Code, Section 873.

## Forfeiture Provision

16. Upon conviction of the offense alleged in Count 1 of this Information, defendant GERALD D. HARRIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

17. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. Cannot be located upon the exercise of due diligence;
   b. Has been transferred or sold to, or deposited with, a third person;
   c. Has been placed beyond the jurisdiction of the Court;
   d. Has been substantially diminished in value; or
   e. Has been commingled with other property that cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982 (b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

BYUNG J. PAK
  *United States Attorney*

*/s/ Jeffrey W. Davis*

JEFFREY W. DAVIS
  *Assistant United States Attorney*
Georgia Bar No. 426418

*/s/ Nicholas Hartigan*

NICHOLAS HARTIGAN
  *Assistant United States Attorney*
Georgia Bar No. 408147

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000